**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ARTHUR SCHUMAN INC., | Civil Action No. |
| Plaintiff, | 20-16638 (SDW) (LDW) |
| v. | **OPINION** |
| ENTREMONT ALLIANCE SAS, | |
| Defendant. | |

The issue before the Court is whether plaintiff Arthur Schuman Inc. must comply with the procedures of the Hague Convention on the Taking of Evidence Abroad In Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C.S. § 1781 ("Hague Convention") in deposing defendant Entremont Alliance SAS employees located in France, or whether this discovery may proceed under the Federal Rules of Civil Procedure. Having considered the parties' numerous submissions on the issue (ECF Nos. 40, 43, 45, 50, 54, 55), and having heard oral argument on August 31, 2022 (*see* ECF No. 53), for the reasons set forth below, the Court will allow plaintiff to proceed with the depositions pursuant to the Federal Rules.

**I.      Background**

The Court presumes familiarity with the facts underlying this action concerning the international sale of goods and writes primarily for the parties. Relevant to the instant dispute is the following procedural history. On August 13, 2021, defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12, for lack of jurisdiction, improper venue, failure to state a claim upon which relief may be granted and *forum non conveniens*. (ECF No. 18). Plaintiff cross-moved to enjoin simultaneous proceedings in France. (ECF No. 21). The undersigned held oral argument on the motions on January 18, 2022, and, for the reasons set forth on the record,

granted plaintiff's request for jurisdictional discovery pertaining to the facts bearing on defendant's *forum non conveniens* motion, which was to be completed by April 18, 2022.  (ECF Nos. 33, 30).  The parties exchanged documents and written discovery and, on April 8, 2022, advised the Court of their need to take depositions on the issue.  (ECF No. 34).  Following a telephonic conference conducted by the undersigned, counsel for both parties conferred and jointly proposed a schedule for the completion of the jurisdictional discovery.  (*See* ECF No. 39).  The Court adopted the parties' plan and entered an Amended Scheduling Order requiring all discovery on the issues raised in defendant's Motion to Dismiss to be completed by July 1, 2022.  (*Id.*).  Despite having participated in the crafting of the proposed discovery schedule ultimately entered by the Court, which set a June 18, 2022 deadline for depositions, defense counsel raised for the first time on May 6, 2022 that, in order to take oral discovery from defendant's employees located in France, plaintiff would be required to "obtain, through the Court, the authorization of the French Ministry of Justice to implement the procedures provided at Articles 2, 16 or 17 of the [Hague] Convention."  (ECF No. 40).  Plaintiff, on the other hand, having noticed the depositions of several Entremont employees (*see* ECF No. 55-4), argues that these depositions may properly proceed under the Federal Rules of Civil Procedure.

## II.    Legal Standard

The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting nation may request evidence located in another nation."  *In re Auto. Refinishing Paint*

*Antitrust Litig.*, 358 F.3d 288, 299 (3d Cir. 2004).  The United States and France are signatories to the Convention.[1]

It is well settled that "the Hague Convention does not divest the District Court of jurisdiction to order discovery under the Federal Rules of Civil Procedure."  *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 540 (1987) (rejecting rule of mandatory, exclusive, or first resort to Hague Convention procedures for taking discovery abroad).  Indeed, the Federal Rules remain the "'the normal methods' for federal litigation involving foreign national parties unless the 'optional' or 'supplemental' Convention procedures prove to be conducive to discovery under some circumstances."  *In re Auto.*, 358 F.3d at 300 (quoting *Aerospatiale*, 482 U.S. at 533).  In the Third Circuit, this applies equally where, as here, "jurisdiction is contested and discovery sought is limited only to proof of jurisdiction."  *Id.* at 301 (applying *Aerospatiale* holding to jurisdictional discovery).

Although the law does not contemplate a rule of first resort favoring the Hague Convention, the concept of international comity requires the Court to undertake a "particularized analysis" of the respective interests of the United States and the nation in which the evidence sought is located. *Aerospatiale*, 482 U.S. at 543.[2]  The party resisting discovery under the Federal Rules and

---

[1]     *See* Status Table, Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Sept. 15, 2022).

[2]     Factors that may be relevant to the comity analysis include:  (1) the importance to the litigation of the information sought; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) "the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located."  *Id*. at n. 28 (quoting Restatement

proposing to proceed instead under the Hague Convention bears the burden to demonstrate that the Convention procedures will be effective and that the particular facts of the case and sovereign interests involved favor its application.  *See In re Auto.*, 358 F.3d at 300, 305.  Because competing national interests may be implicated by fact-finding for American litigation, district courts are instructed to "exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Id.* at 546.  In conducting the *Aerospatiale* balance-of-interest test, courts should be mindful that the Convention procedures are often "unduly time-consuming and expensive, and less likely to produce needed evidence than direct use of the Federal Rules."  *In re Auto*, 358 F.3d at 300 (citing *Aerospatiale,* 482 U.S. at 546).

### III.    Analysis

In light of the above analytical framework, the Court must determine whether Entremont has satisfied its burden of persuasion as to the application of the Hague Convention procedures to the depositions plaintiff seeks.  After considering the parties' written and oral submissions, together with the particular facts of this case and the potential comity concerns at stake, the Court finds that defendant has failed to carry its burden to demonstrate that the Convention should govern the discovery at issue.

Entremont initially seemed to argue that because the proposed deponents are located in France, resort to Hague Convention procedures for those depositions was mandatory.  (*See* ECF No. 40 at 1, "In order for oral discovery to be taken from persons located in France, it would be

---

of Foreign Relations Law of the United States (Revised) § 437(1)(c) (Tent. Draft No. 7, 1986) (approved May 14, 1986) (Restatement)).

necessary for Schuman" to follow Convention procedure).   As the Supreme Court expressly rejected a rule of mandatory first resort to Hague Convention procedures in *Aerospatiale*, that argument is without merit.  482 U.S. 522.  In its September 9, 2022 submission in further support of its position, Entremont further posits that because it has challenged this Court's jurisdiction over it and the discovery at issue bears only on that jurisdictional question, the *Aerospatiale* balance-of-interest test does not apply to this dispute.  (ECF No. 54 at 3).  As set forth above, the Third Circuit has held that there is no exception to the *Aerospatiale* holding where personal jurisdiction is challenged.  *In re Auto.*, 358 F.3d at 299.   Accordingly, that argument also is rejected.

Entremont next contends that "taking depositions under the Hague Convention is not that onerous," despite having previously argued that if plaintiff were to take oral discovery pursuant to the Hague Convention, such would be "costly" and would "most certainly extend the time for which the Court has allotted for completion of oral discovery."  (ECF No. 40).  The Court agrees with the latter statement.  As has been acknowledged by both the Supreme Court of the United States and the Third Circuit Court of Appeals, the procedures authorized by the Hague Convention are, in many circumstances, "unduly time-consuming and expensive."  *Aerospatiale*, 484 U.S. at 542; *In re Auto.*, 358 F.3d at 300; *see also Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F. Supp. 2d 525, 530 (D.N.J. 2009) ("It is simply not possible to determine how long it would take to proceed with a deposition … under the Hague Convention."); *Triple Crown Am., Inc. v. Biosynth AG,* Civ. A. No. 96-7476, 1998 WL 227886, at *3 (E.D. Pa. Apr. 30, 1998) ("[I]t would be difficult if not impossible for plaintiff to secure depositions [under the Convention] … in a manner as prompt, efficient, and effective as that contemplated by the Federal Rules of Civil Procedure.").

Here, the parties have been engaging in jurisdictional discovery for several months.  (*See* ECF No. 30).  Moreover, the depositions sought pertain to defendant's own jurisdiction-based motion to dismiss, consideration of which has been stayed pending completion of this jurisdictional discovery.  (*See id.*; ECF No. 18).  This Court has an "overriding interest in the 'just, speedy, and inexpensive determination' of litigation in our courts," and the likelihood of further delay under the Hague Convention weighs against its application.

The Court finds that resort to the Convention would not only be unnecessarily slow and cumbersome; its procedures may also unduly constrain plaintiff's ability to discover the facts it seeks.  Entremont provides three methods by which Schuman could take the depositions in France pursuant to the Hague Convention, each of which diverges significantly from standard deposition practice under the Federal Rules.  (ECF No. 54 at 2).  Under the first and second "options," it appears that plaintiff would be forced to submit, in advance of the examination, all questions to be put the witnesses, presumably foreclosing any opportunity for follow-up inquiries.  Furthermore, from defendant's description, it is not even clear to the Court if, under any of the Hague-compliant procedures, the questions could be posed by plaintiff's counsel or if, instead, an appointed third party or diplomatic agent must conduct the depositions.  (*Id.*).  In any event, the Court finds that each of the deposition procedures set forth by defendant would place substantial limitations on plaintiff's ability efficiently and effectively to take discovery.  Accordingly, defendant has failed to carry its burden to demonstrate that the Hague Convention is an appropriate substitute for the Federal Rules in this case.

Defendant next contends that proceeding with the depositions under the Federal Rules rather than the procedures of the Hague Convention would place "a great burden" on the Entremont

employees to be deposed because they could be subject to prosecution under a French penal law (the "Blocking Statute," French Penal Code Law No. 80-538). (ECF No. 54). The use of the Convention, defendant argues, is necessary to obviate any potential harm to the French deponents in light of the French law, which allegedly prohibits them from participating in discovery for use in American litigation. (*Id.* at 3). Although the Court recognizes that the existence of the Blocking Statute is relevant to its analysis, it is well settled that such a statute does not prohibit the Court from ordering production of evidence under the Federal Rules, even if the producing party may run afoul of the statute as a result. *Aerospatiale*, 482 U.S. at 544, n. 29 (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 204-206 (1958)).

Moreover, the Court finds that, beyond generally pointing to the Blocking Statute, Entremont has failed to demonstrate that the deponents face a "specific or significant risk of prosecution for violations of the French blocking statute if it complies with its discovery obligations pursuant to court order." *See Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 451 (E.D.N.Y. 2008). Although mindful that sanctions under the Blocking Statute are *possible*, the Court finds no evidence in this record to indicate that the law actually would be enforced against the deponents. *See, e.g., id.*; *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 30 (S.D.N.Y. 1984); *Adidas Ltd. V. SS Seatrain Bennington,* Civ. A. No. 80-1911 (PNL), 1984 WL 423, at *3 (S.D.N.Y. May 30, 1984). Indeed, while defendant claims that the Blocking Statute "prohibits *any* communication of economic, commercial, industrial, financial, or technical documents or information, written, oral or any other form, to be used as evidence in legal proceedings outside of France," (ECF No. 54 at 1 (emphasis

added)), it has, without regard to the Blocking Statute, already filed of its own volition numerous declarations from Entremont employees residing in France in support of its Motion to Dismiss and has produced documents and written discovery responses throughout this jurisdictional discovery period without mention of the Blocking Statute.  (*See* ECF Nos. 18-19, 18-20, 18-24, 25-3, 25-4, 25-6, 25-8).  Accordingly, Entremont has failed to show that the French Blocking Statute warrants application of the Hague Convention procedures to the oral discovery that remains to be taken.

Entremont lastly contends that the Court should determine that the depositions at issue must proceed in accordance with the Hague Convention procedures because requiring its employees to travel internationally to give testimony would impose an undue hardship upon them. (ECF No. 54 at 3).  The Court is not insensitive to that hardship; nor, does it appear, is plaintiff. In its deposition notices issued to Entremont's employee-deponents, Schuman has provided that the oral testimony shall be given either at the office of its counsel in New Jersey or, "in the event of the consent of the parties or upon order of the Court pursuant to Rule 30(b)(4), remotely via videoconference software."  (*See* Notices of Deposition, ECF 55-4).  Defendant has not consented or otherwise responded to plaintiff's proposal to conduct the depositions remotely.

As set forth above, the Court finds that defendant has not carried its burden to show that the particular facts and sovereign interests warrant application of the Hague Convention procedures over those provided by the Federal Rules.  However, in light of the Court's obligation to balance the interests and to exercise "special vigilance" to protect the foreign national deponents from overly burdensome discovery, the Court finds good cause to permit the depositions to be conducted remotely via Zoom or similar videoconferencing technology, as authorized by Federal Rule of Civil Procedure 30(b)(4).  *In re Auto.*, 358 F.3d at 301 (quoting *Aerospatiale*, 482 U.S. at

546); Fed. R. Civ. P. 30(b)(4).  Accordingly, the Court will not compel Entremont's witnesses residing in France to travel to the United States for deposition absent their consent.

## IV.     Conclusion

The Court having found that defendant failed to sustain its burden to demonstrate that the Hague Convention procedures should govern the remaining jurisdictional discovery in this case, the parties shall proceed with the noticed depositions (ECF No. 55-4) under the Federal Rules of Civil Procedure through the use of videoconference technology, absent agreement to conduct the depositions in-person at a mutually agreeable location.  The parties shall complete jurisdictional discovery in accordance with an Amended Scheduling Order to be entered contemporaneously with this Opinion.

Dated:  September 26, 2022

_s/ Leda Dunn Wettre_
Hon. Leda Dunn Wettre
United States Magistrate Judge